UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JENNIFER V., | |
| Plaintiff, | Civil No. 1:22-cv-101-MJP |
| -v- | |
| COMMISIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**ORDER**

Plaintiff filed an action seeking judicial review of the decision of the Commissioner of Social Security, which denied her claims for a period of disability and disability insurance benefits and for supplemental security income, pursuant to 42 U.S.C. § 405(g) made applicable to SSI by 42 U.S.C. § 1383(c)(3). Both parties filed Motions for Judgment on the Pleadings, and oral argument was held on July 1, 2025.

This Court has reviewed the parties' competing motions together with their respective memoranda of law, and the arguments of Rebecca M. Kujawa, Esq. of Hiller Comerford Injury & Disability Law PLLC, attorney of record for Plaintiff, and Timothy A. Razel, Esq., Special Assistant United States Attorney for the Western District of New York, attorney of record for Defendant. Now, upon all pleadings, the administrative record, the parties' memoranda of law, and the arguments of the parties,

It is ORDERED and ADJUDGED, for the reasons stated in open Court at the oral argument of this matter on July 1, 2025, pursuant to 28 U.S.C. § 636(c) and the parties' consent, and consistent with this Court's ruling from the bench following oral argument,

the decision of Defendant Commissioner is affirmed; and it is further

ORDERED and ADJUDGED, that Plaintiff's motion for judgment on the pleadings (ECF No. 8) is denied; and it is further

ORDERED and ADJUDGED that the transcript of the Court's Decision shall be filed, and the Court Clerk shall issue Judgment in favor of the Commissioner and close this case.

**SO ORDERED.**

_____
MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE

DATED: August 29, 2025
         Rochester, New York

```
UNITED STATES  DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------x
JENNIFER L. VANAMBURG,               22-CV-101(MJP)
             Plaintiff,
vs.

COMMISSIONER OF SOCIAL SECURITY,     July 1, 2025
             Defendant.
---------------------------------x
```
**DECISION**

```
                  TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MARK W. PEDERSEN
                UNITED STATES MAGISTRATE JUDGE




FOR PLAINTIFF:      HILLER COMERFORD INJURY & DISABILITY LAW
(Via telephone)     BY:  REBECCA M. KUJAWA, ESQ.
                    6000 North Bailey Avenue
                    Suite 1A
                    Amherst, New York 14226

FOR DEFENDANT:      SOCIAL SECURITY ADMINISTRATION
(Via telephone)     OFFICE OF GENERAL COUNSEL
                    BY:  TIMOTHY A. RAZEL, ESQ.
                    6401 Security Boulevard
                    Baltimore, Maryland 21235




TRANSCRIBER:        Diane S. Martens
                    dmartensreporter@gmail.com



 (Proceedings recorded by audio recording,
  transcript produced by computer.)
```

|    |                                                                              |
|----|------------------------------------------------------------------------------|
| 1  | **P R O C E E D I N G S**                                                    |
| 2  | *          *          *                                                      |
| 3  |                                                                              |
| 4  | **THE COURT:**  First, thank you both very much for your                     |
| 5  | thorough preparation and almost an hour and ten minutes of                   |
| 6  | argument today.                                                              |
| 7  | I'm ready to issue a decision.                                               |
| 8  | Title 42 of U.S. Code, section 405(g) grants                                 |
| 9  | jurisdiction to District Courts to hear claims based on the                  |
| 10 | denial of Social Security benefits.                                          |
| 11 | Section 405(g) provides that the District Court shall                        |
| 12 | have the power to enter upon the pleadings and transcript of                 |
| 13 | the record, a judgment affirming, modifying or reversing the                 |
| 14 | decision of the Commissioner of Social Security with or                      |
| 15 | without remanding the cause for a rehearing.                                 |
| 16 | It directs that when considering a claim, the Court must                     |
| 17 | accept the findings of fact made by the Commissioner provided                |
| 18 | that such findings are supported by substantial evidence in                  |
| 19 | the record.                                                                  |
| 20 | "Substantial evidence" is defined as more than a mere                        |
| 21 | scintilla.  It means such relevant evidence as a reasonable                  |
| 22 | mind might accept as adequate to support a conclusion.                       |
| 23 | To determine whether substantial evidence supports the                       |
| 24 | Commissioner's findings, the Court must examine the entire                   |
| 25 | record, including contradictory evidence and evidence from                   |

1 which conflicting inferences can be drawn.
2     Section 405(g) limits the scope of the Court's review to
3 two inquiries:
4     One, whether the Commissioner's findings were supported
5 by substantial evidence in the record; and,
6     Two, whether the Commissioner's conclusions are based
7 upon an erroneous legal standard.
8     A person is disabled for the purposes of SSI and
9 Disability benefits if he or she is unable to engage in any
10 substantial gainful activity by reason of any medically
11 determinable physical or mental impairment which can be
12 expected to result in death or which has lasted, or can be
13 expected to last, for a continuous period of not less than 12
14 months.
15     In assessing whether a claimant is disabled, the ALJ
16 must employ a five-step sequential analysis described in
17 *Berry v. Schweiker,* 675 F.2d 464, 467 (2d Circuit 1982).
18     The claimant bears the burden of proving his or her case
19 at steps one through four.
20     At step five, the burden shifts to the Commissioner to
21 show there is other gainful work in the national economy
22 which the claimant could perform.
23     In this case, the claimant's first point is that the
24 administrative law judge did not reconcile the residual
25 functional capacity determination with Dr. Ransom's more

1   limiting opinion despite giving Dr. Ransom's opinion
2   substantial weight.
3       As the Commissioner points out, "moderate" is defined in
4   the regulations as a fair ability in those areas.
5       And in this case, Dr. Ransom found a moderate limitation
6   by this plaintiff in interacting adequately with supervisors,
7   coworkers, and the public; sustaining concentration and
8   performing a task at a consistent pace; sustaining an
9   ordinary routine and regular attendance at work; regulating
10  emotions; controlling behavior and maintaining wellbeing.
11      In cases cited by the plaintiff such as *Jimmie E.*, 2021
12  WL 2493337, *5 Western District of New York, June 18, 2021,
13  Judge Roemer addressed an issue of marked to moderate
14  limitations in a case before him and stated "While the Court
15  acknowledges that moderate to marked limitations can be
16  consistent with a capacity to perform unskilled work, the ALJ
17  here did not provide an explanation or discussion how the
18  assessed limitations impacted plaintiff's ability to perform
19  simple unskilled work.  This error warrants remand."
20      In that case, however, the limitations involved marked
21  to moderate and "marked" is listed as seriously limited by
22  the Commissioner's regulations; whereas "moderate", as I
23  stated, is a fair ability in those areas.
24      Further, in the case of *Jimmie E*, the doctor defined
25  what he meant by "moderate to marked in an objective manner

1 not present here".

2 Here, Dr. Ransom stuck to the definition in the
3 regulation.  With regard to the administrative law judge's
4 hypothetical questions to the vocational examiner, I do find
5 that it was error not to include any mention of the moderate
6 limitations that Dr. Ransom found.

7 In the case of *McIntyre v. Colvin*, 758 F.3d 146, 151, 52
8 (2d Cir. 2014).

9 The Appellate Court held that "Accordingly, an ALJ's
10 hypothetical should explicitly incorporate any limitations in
11 concentration, persistence and pace.  We hold, however, that
12 an ALJ's failure to incorporate non-exertional limitations in
13 a hypothetical that is otherwise supported by evidence in the
14 record, is harmless error if, one, medical evidence
15 demonstrates that a claimant can engage in simple routine
16 tasks or unskilled work, despite limitations in
17 concentration, persistence and pace and the challenged
18 hypothetical is limited to include only unskilled work, or,
19 two, a hypothetical otherwise implicitly accounted for a
20 claimant's limitations in concentration, persistence and
21 pace."

22 I agree it was error for this ALJ not to account for the
23 limitations Dr. Ransom found which the ALJ accepted in his
24 hypothetical questions to the vocational expert.

25 However, the error in this case was harmless.

1     Plaintiff's second point is that the administrative law
2  judge improperly rejected Miss St. Laurant medical testimony.
3  I determined that the administrative law judge adequately
4  addressed what he gave only "some weight" to her opinions;
5  and, third, the plaintiff complains that the administrative
6  law judge gave only partial weight to Dr. Liu's opinion;
7  thereby, forming his residual functional capacity for the
8  plaintiff's physical constraints only on his lay opinion.
9     I find that the Second Circuit's decision in *Mata*
10 forecloses this line of argument.  Accordingly, I gleaned
11 from the record substantial support for the ALJ's residual
12 functional capacity determination and, therefore, grant the
13 Commissioner's motion for judgment on the pleadings and deny
14 the plaintiff's motion for judgment on the pleadings.
15     I direct the Commissioner to draft and settle an order
16 with plaintiff's counsel and attach and reference a
17 transcript of this decision.
18     And I direct the Clerk to enter judgment for the
19 Commissioner and close this case.
20     This constitutes the Decision and Order of the Court.
21     Thank you both, Counselors.
22
23
24
25

```
 1                    *        *        *
 2              **CERTIFICATE OF TRANSCRIBER**
 3
 4         In accordance with 28, U.S.C., 753(b), I
 5   certify that this is a true and correct record of proceedings
 6   from the official electronic audio recording of the
 7   proceedings held in the United States District Court
 8   for the Western District of New York before the
 9   Honorable Mark W. Pedersen on July 1, 2025.
10
11
12   S/ Diane S. Martens
13   Diane S. Martens
     Transcriber
14
15
...
25
```